Alethea M. SETO and Raymond J. Seto, Plaintiffs,

v.

Patrick Leo McMAHON, Patrick Leo McMahon, Jr., and Does 1 through 100, inclusive, Defendants.

No. CV 94–0895 CBM (CTx).

United States District Court, C.D. California.

July 14, 1994.

Harvey M. Horikawa, Eric Y. Nishizawa, Horikawa Ona & Yamamoto, Los Angeles, CA, for plaintiffs.

Kristofer Kallman, Stephen Shane Stark, Acting Cnty. Cnsl., Santa Barbara, CA, for defendants.

## ORDER RE: MOTION OF PATRICK LEO MCMAHON TO DISMISS COMPLAINT

CONSUELO BLAND MARSHALL, District Judge.

This matter came before the Court on the motion of defendant Patrick Leo McMahon to dismiss the complaint for failure to state a claim under Federal Rule of Procedure 12(b)(6). A hearing was held on May 23, 1994. The Court, the Honorable Consuelo B. Marshall presiding, has considered the papers filed by the parties and the arguments of counsel and thereupon issues the following Order.

## I. JURISDICTION

This action involves claims under 42 U.S.C. §§ 1983 and 1985. Therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. PROCEDURAL AND FACTUAL BACKGROUND

Defendant Patrick Leo McMahon is a Superior Court Judge on the Santa Barbara County Superior Court. On June 7, 1993, one of the plaintiffs in this action, Alethea Seto, filed a lawsuit in that Court against Judge McMahon's son seeking damages for injuries sustained in a car accident. Mrs. Seto filed that lawsuit through her husband,

an attorney employed by the firm of Price, Postel and Parma (the "Price firm"). That lawsuit was assigned to Judge McMahon. Judge McMahon also presided over three other lawsuits in which one party was represented by the Price firm.

After receiving notice of the summons and complaint filed against his son, Judge McMahon wrote a letter on his official letterhead to a partner at the Price firm. In the letter, the Judge discusses the suit filed against his son and then notes that he has sought advice on the apparent ethical issue and intends to recuse himself for conflict of interest from all cases involving the Price firm.

## III. PARTIES' CONTENTIONS

Plaintiffs allege that Judge McMahon's actions were motivated by the desire to prevent Alethea Seto from having the benefit of competent counsel and were designed to coerce her to settle for an inadequate amount and to force her husband to choose between his job, his profession and his family. Plaintiffs also allege that Judge McMahon's actions were done in furtherance of a conspiracy with his son to impede justice and violate plaintiffs' civil rights. Plaintiffs contend that Judge McMahon acted outside of the scope of his normal judicial functions and therefore may be held liable for his actions.

Judge McMahon contends that he is entitled to judicial immunity regardless of his motive and intent or of the propriety of his actions since his correspondence with counsel in actions before him was a "judicial act" taken within his jurisdiction as a judge.

## IV. THE CALIFORNIA CODE OF JUDICIAL CONDUCT APPLIES TO JUDGE MCMAHON'S ACTIONS

The conduct of the judiciary in this State is governed by the California Code of Judicial Conduct which sets forth mandatory rules and obligations to guide judges in their behavior. Canon 3 of the Code sets forth two rules particularly relevant to the circumstances here. First, Canon 3 E requires a judge to disqualify himself or herself in a proceeding in which that judge's impartiality might be reasonably questioned. As set forth in the comments thereto, in such a situation, the judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification, even if the judge does not believe there is an actual basis for disqualification. Cal.Code Jud. Conduct, Canon 3 E & commentary thereto (1994). Except as set forth in Canon 3 B(7)(a)–(d), a judge "should not initiate, permit or consider ex parte communications ... concerning a pending or impending proceeding." Cal.Code Jud. Conduct, Canon 3 B(7) (1994).

While Judge McMahon's conduct may not have comported with the Code, the Code's value to the litigants here is limited. As set forth in the Code's preamble, "The Code is designed to provide guidance to judges and candidates for judicial office and to provide a structure for regulating conduct through disciplinary agencies. It is not designed or intended as a basis for civil liability or criminal prosecution."

## V. THE ACTIONS OF JUDGE MCMAHON WERE "JUDICIAL ACTS" ENTITLING HIM TO ABSOLUTE IMMUNITY FROM SUIT

On the other hand, it is well established that a judge is absolutely immune from liability for his judicial acts. *Bradley v. Fisher*, 80 U.S. (13 Wall) 335, 20 L.Ed. 646 (1871). That immunity protects a judge not only from liability for his judicial actions but from even having to defend a lawsuit.

In the oft-cited case, *Stump v. Sparkman*, 435 U.S. 349, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978), the United States Supreme Court held that a judge was absolutely immune from suit for his decision permitting a woman to have her 15 year old daughter sterilized. The judge rendered his decision in an improper ex-parte proceeding without a hearing, without the appointment of a guardian ad litem and without even telling the daughter the nature of procedure she was to undergo. In so ruling, the Court set forth the test for determining when acts performed by a judge are "judicial acts" entitling the judge to immunity. Those factors "relate to nature of act itself, i.e. whether it is a function

normally performed by a judge, and to the expectations of the parties, i.e. whether they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362, 98 S.Ct. at 1107.

■ The only action complained of by plaintiffs here is the communication between Judge McMahon and the Price firm. According to plaintiffs, that action was not an action normally performed by a judge in the ordinary course of his duties or to the expectation of any of the parties and therefore is not a "judicial act." Moreover, plaintiffs contend, the writing of the letter is not merely one act but rather a series of acts each comprised of one or more of the statements in the letter, not all of which can be properly categorized as "judicial acts."

Plaintiffs' arguments are unpersuasive. Throughout both their complaint and their opposition to defendant's motion, plaintiffs categorize the letter as an "ex parte communication." An ex parte communication is a communication between a judge and one of the parties or counsel in a case before that judge concerning the pending matter. The letter at issue here—a communication from Judge McMahon to a member of a law firm representing parties in cases before him—is indeed an ex parte communication. Each of the statements in that letter—even those relating to the lawsuit against his son—concern one or more of those cases and his position in presiding over them. As such, the letter and each of the statements therein constitute an ex parte communication appropriately considered a "judicial act" qualifying Judge McMahon for absolute immunity.

In *Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991), the Supreme Court reaffirmed and clarified the *Stump* decision. In *Mireles*, the Court found that a judge who had directed police officers to use excessive force in bringing an attorney into his courtroom was immune from a suit subsequently brought by that attorney under 42 U.S.C. § 1983. According to *Mireles*, there are only two situations in which a judge may be held liable for his actions. First, a judge is not immune from suit arising from "non-judicial acts." Second, a judge is not immune from suit for judicial acts

taken "in the absence of all jurisdiction." *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288.

As set forth above, the act at issue here—an ex-parte communication—is clearly judicial in nature. Moreover, although perhaps inappropriate, it is not so far beyond the scope of a judge's normal actions as to be considered taken "in the absence of all jurisdiction," especially since the communication(s) concerned cases over which he was presiding. Accordingly, the act does not fall within either of the two exceptions to absolute immunity.

■ Plaintiffs' contention that Judge McMahon's apparent threatening or retaliatory motive eliminates his immunity also fails. Immunity applies to protect a judge from suit or liability for his actions even if his actions are flawed by the commission of grave procedural errors, *Stump*, 435 U.S. at 359, 98 S.Ct. at 1106, or motivated by bad faith or malice. *Mireles*, 502 U.S. at 12, 112 S.Ct. at 288; *Pierson v. Ray*, 386 U.S. 547, 554, 87 S.Ct. 1213, 1218, 18 L.Ed.2d 288 (1967).

## VI. CONCLUSION

For the foregoing reasons, this action is dismissed against defendant Judge Patrick Leo McMahon.

IT IS SO ORDERED.